

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

INSURANCE COMPANY OF
NORTH AMERICA,

    Plaintiff,

vs.                         Case No.:8:03-CV-385-T-23EAJ

JORGE L. CUELLAR,

    Defendant/Counterplaintiff,

vs.

INSURANCE COMPANY OF NORTH AMERICA,

    Counterdefendant/Plaintiff.
_____/

### DEFENDANT/COUNTERPLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECCOMMENDATIONS DATED FEBRUARY 26, 2004, RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S DECLARATORY JUDGMENT BE DENIED, AND THAT COUNTERPLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LOSS PAYEE ALSO BE DENIED

COMES NOW, the Defendant/Counterplaintiff, JORGE L. CUELLAR, hereinafter "Cuellar," by and through his undersigned counsel, pursuant to Rule 72, F.R.Civ.P., and files this objection to Magistrate's Report and Recommendations, listed above. The Defendant specifically objects and assigns error to the report and recommendation on the following grounds:



1. In regards to denial of Cuellar's Motion for Summary Judgment regarding ICNA's Declaratory Action, the Magistrate found the doctrine of uberrimae fidei to be inapplicable, but denied the motion on the grounds that there is a material factual dispute as to whether Cuellar acted intentionally when he allegedly omitted or misrepresented material information. The Defendant objects and assigns error to this recommendation. In making this ruling, the Court overlooked the fact that the Plaintiff never alleged, anywhere in its complaint, that Cuellar made intentional misrepresentations. The Plaintiff failed to state a claim alleging intentional misrepresentations. Furthermore, there is no summary judgment record evidence to show that the misrepresentations were intentional. Discovery as to those issues has been closed, and no such evidence was found. Thus, intent was not pled, and there was no genuine issue of material fact as to the issue of the Defendant's intent, because the Plaintiff presented no factual basis to support an intent based standard.

2. In regards to Cuellar's motion for partial summary judgment regarding ICNA's alleged breach of contract in its failure to pay a loss payee and for coverage under declaratory judgment action as to loss payee's interest, the Magistrate recommended denial of

these motions, finding that Cuellar is not entitled to judgment on a claim which he has not asserted and for which he has no standing. Cuellar objects to this recommendation for several reasons:

a. Standing: The Magistrate found that Cuellar has no standing to sue on behalf of First Union, and that he has not asserted any such claim. In regards to this issue, Cuellar suspects that some issues have been confused or overlooked. Cuellar did not file suit naming himself as a third party beneficiary. As the insured party, Cuellar does have standing to file suit on behalf of First Union Bank, because they are the loss payee. The policy of insurance states a provision that in case of any loss, the insurer is obligated to pay the loss payee. Defendant, Cuellar, filed suit against ICNA for breach of contract, in failing to honor all their obligations under the policy of insurance. One of those obligations is to promptly pay the loss payee, thus, this claim was asserted. Cuellar not only has standing, but is the real party in interest, pursuant to Rule 17, Fed.R.Civ.P. First Union Bank is the unnamed third party beneficiary. Therefore, Cuellar was the real party in interest, under Rule 17, and the fact that First Union is not named is specifically not required under Rule 17. Cuellar pled the matter properly by stating that ICNA

failed to honor its obligations under the policy. Additionally, the loss payee issue was substantially litigated by the parties, thereby effecting an amendment, constructive or otherwise.

   b.  Loss Payee Clause:  The Magistrate found that the language of the policy was not ambiguous, and that First Union was merely an appointee of the insurance fund, with rights no greater than those of Cuellar.  Cuellar specifically objects to this recommendation.  In regards to determining ambiguity, the Court failed to consider the deposition testimony of First Union's records custodian, stating that the loss payee clause was intended to be a standard loss payee clause.  The Court also failed to consider that First Union specifically required a standard loss payable clause.  The Court overlooked the fact that failure to include specific language, identifying either a standard or open loss payable clause, creates an ambiguity in the insurance policy. While the Magistrate determined that there was no language creating a standard clause, the Magistrate overlooked the fact that the policy failed to contain any language creating an open clause.  Thus, the Magistrate overlooked the fact that it could not be determined what type of clause was present because the policy contained **neither the standard language nor the open**

**language**. Every policy of insurance must have one type of language or the other type of language; having no language is unacceptably ambiguous by definition.

3. Finally, the defendant restates his points, authorities, and arguments raised in his Memorandums filed in support of his motions for summary judgment.

4. The defendant certifies that he has made prompt arrangements for the transcription of the record.

WHEREFORE the defendant prays that district judge to whom the case is assigned consider such objections and requests that the district judge make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition in accordance with Rule 72, F.R.Civ.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing has been provided via regular U.S. Mail to Richard McAlpin Esquire, McAlpin & Brais, P.A., Brickell Bay View Centre, 80 S.W. 8th Street, Suite 2805, Miami, Florida 33130, and Lawrence P. Ingram, Esquire, 100 South Ashley Drive, Suite 1900, Tampa, Florida 33602, on this _____ day of _____, 2004.

_____
MICHAEL V. LAURATO, ESQUIRE
Florida Bar No. 181447
AUSTIN & LAURATO
1902 W. Cass Street
Tampa, Florida 33606
(813) 258-0624
(813) 250-0717 Facsimile
Attorney for Plaintiff